## GEO. F. PRESCOTT v. THOMAS LEONARD.

1. NOTE, *Not Collateral Security.* Where the real owner of a note delivers it to a bank, and authorizes the bank to collect the proceeds, and then to apply the same toward payment of certain indebtedness of the owner to the bank, and the bank does not receive or accept the note as collateral security, the bank is merely the agent of such owner.

2. FINDING, *Not a Conclusion of Law.* In an action to recover upon a promissory note, the defendant, with the view of excepting to the decision of the court upon the questions of law involved in the trial, asked the court to state in writing the conclusions of fact found, separately from the conclusions of law. Among the findings of fact was the following: "That at the time this action was commenced the plaintiff was the legal owner of said note, and with the consent of the bank had the right to sue for and recover the amount thereof; and that there is now due from the defendant to the plaintiff thereon the sum of $232.60." The defendant moved to strike out such finding, upon the ground that it was not a mere conclusion of fact, but involved conclusions of law. The court overruled the motion. *Held,* Not error, as the finding, though

a general one, may be regarded as a conclusion of fact of a complex character, drawn from a variety of other facts more simple and less complicated in their nature.

*Error from Leavenworth District Court.*

ACTION by *Leonard* against *Prescott*, upon a promissory note. Trial at the December Term, 1883, of the district court, and judgment for plaintiff. The defendant brings the case here. The facts found by the trial court are stated in the opinion.

*L. B. Wheat*, and *J. D. Shafer*, for plaintiff in error.
*Stillings & Stillings*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This case was commenced before a justice of the peace of Leavenworth county, to recover upon a promissory note. Judgment was rendered for the plaintiff below — the defendant in error — from which an appeal was taken by the defendant below — the plaintiff in error — to the district court. Trial had in the district court, a jury being waived. The court was requested to find the facts specifically, and state its conclusions of law thereon. This was done. The facts found are these:

"1. That before the commencement of this action, and sometime in May, 1883, plaintiff delivered the note sued on in this action to the First National Bank of Leavenworth, Kansas, indorsed as it appears to be with instructions to that bank to collect the same and apply the proceeds thereof toward payment of certain indebtedness of said plaintiff to said bank, which indebtedness then was and still is more in amount than the amount of said note, and after this action was commenced said note was by said bank redelivered to said plaintiff; and that before the commencement of this action said bank delivered to said plaintiff what it supposed to be a copy of said note and indorsements, with instructions to sue thereon in his own name, the original note at that time being in Salt Lake, where it had been by said bank sent for collection, and the same was by said bank sent for, got back and redelivered to said plaintiff after the first continuance of this action.

"2. Which said note and the indorsements thereon is in words and figures following, to wit:

'$110.58.                        LEAVENWORTH, KAS., Jan. 18th, 1873.
    "Sixty days after date, I promise to pay to the order of George L. Hathaway one hundred and ten $\frac{58}{100}$ dollars, with ten per cent. interest per annum from date till paid. Value received.          GEO. F. PRESCOTT.'
    Indorsements: 'C. M. Shaw, George L. Hathaway, Thomas Leonard.'

"3. That at the time this suit was commenced the plaintiff was the legal owner of said note, and with the consent of the bank had the right to sue for and recover the amount thereof; and that there is now due from the defendant to the plaintiff thereon the sum of $232.60."

The court, upon the foregoing facts, concluded that the plaintiff was entitled to a judgment against the defendant, George F. Prescott, for the sum of $232.60. Thereupon the defendant moved the court to strike out from the conclusions of fact the third part thereof as therein numbered, and particularly that part thereof which reads: "And that there is now due from the defendant to the plaintiff thereon the sum of $232.60," upon the ground that the same was not a mere conclusion of fact, but involved respectively conclusions of law. This motion was overruled, and thereupon Prescott moved the court for judgment in his favor, which motion the court also overruled, and then rendered judgment against him for the sum of $232.60. Prescott excepted, and brings the case here.

It is contended upon the findings of fact that the defendant had not the right to maintain his action, as it is alleged that the legal and equitable title of the note sued on was in the First National Bank of Leavenworth when the action was commenced; and it is also contended that upon the whole case the action was barred by the statute of limitations. It appears from the findings that the bank was only authorized to collect the proceeds for the indorser, and then to apply the same toward payment of certain indebtedness due to it. It does not seem that the bank received or accepted the note as collateral security; therefore the bank was merely the agent of the real owner and indorser, and the latter did not part with his title to the note in delivering it to the bank.

We cannot say, however, that finding No. 3 is a conclusion of law only. All findings of fact are necessarily mere conclusions or inferences drawn from the evidence; that is, drawn from other facts. It is therefore not a valid objection to a finding that it is the finding of a compound fact, or a complex fact, or a comprehensive fact, and including many minor and subordinate facts; or that it is a conclusion or an inference from the evidence or from other facts, for all findings must necessarily be subject to these same objections. (*Railroad Co. v. Plunkett*, 25 Kas. 188.) The finding, though a general one, is a conclusion of fact of a complex character, drawn from a variety of other facts more simple and less complicated in their nature. If the defendant had wished other and further findings of fact, either in detail or general terms, he might doubtless have obtained them by asking such findings from the court. Nothing of this kind was done, and we do not perceive that the court, under the circumstances, committed any error in refusing to strike out the findings objected to. Giving effect to the findings, the plaintiff was entitled to maintain his action, and we cannot say from the record that such action was barred by the statute of limitations at the time it was commenced. The record brought to this court does not show what defense was made on the trial, nor what evidence was introduced. We are called upon merely to pass upon the findings of fact and the conclusions of law, and to say whether, upon the findings, the judgment of the trial court can be sustained. It does not appear from anything before us that the statute of limitations was in any way pleaded in the justice's court or in the district court, or that any question connected therewith was raised by demurrer or by objection to evidence. If the defendant had wished to present to the trial court the defense of the statute of limitations, he could very easily have obtained special findings, so that the matter could have been presented without difficulty. He has not done so, and upon the record we must affirm the judgment of the district court.

All the Justices concurring.

10—32 KAS.

GEO. F. PRESCOTT, *et al.*, V. THOS. LEONARD.

*Per Curiam:* The questions involved in this case are the same as those decided in the case of Geo. F. Prescott *v.* Thos. Leonard; and therefore the judgment of the district court will be affirmed.